UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
…………………………………………………………………………….………x
VALERIE WILLIAMS-BARR,

                                                         Docket No. 18-cv-9131

                    Plaintiff,

      -against-

                                                        **COMPLAINT**

STATE OF NEW YORK, OFFICER JOHN DOE 1     **JURY TRIAL REQUESTED**
(AKA OFFICER COOPER), IN HIS PERSONAL
AND OFFICIAL CAPACITY, OFFICER JOHN DOE 2
(AKA OFFICER SPHEIGHT), IN HIS PERSONAL
AND OFFICIAL CAPACITY, OFFICER JANE DOE,
IN HER PERSONAL AND OFFICIAL CAPACITY

                    Defendant(s).
……………………………………………………………………………………

      Plaintiff Valerie Williams-Barr, by her attorney, Albert Van-Lare, Esq., complaining of the Defendants, states as follows:

## JURISDICTION AND VENUE

      Jurisdiction is vested in this court pursuant to 28 USC Section 1332(a) as Plaintiff resides in Connecticut and the Defendants are the State of New York and other New York Residents. The amount in controversy exceeds $75,000.00. State law matters are covered under the courts Supplemental Jurisdiction

      Venue is proper in this district pursuant to 28 USC Section 1391.

## FACTUAL ALLEGATIONS

1. Plaintiff has been employed as RN2 by the above named employer for the last four (4) years.

2. Plaintiff has been subject to harassment including sexual harassment by officers and agents of the state and the department of corrections.

3. Plaintiff is a Black female who was constantly harassed and no action was taken because of her race as a black female.

4. Plaintiff's complaints were treated differently because of her race.

5. In August 2016, after months of unwanted comments about Plaintiff's appearance, Officer John Doe 1 (Officer Cooper) invaded Plaintiff's personal and physical space when he approached Plaintiff from behind.

6. Officer Cooper stood so close to Plaintiff that parts of his person were touching Plaintiff's buttock and Plaintiff could feel his breath on Plaintiff's neck.

7. In May 2017 another Officer invaded Plaintiff's space personal and physical space when he pushed his body against the back of Plaintiff's body while she was waiting for the main door of the facility to be buzzed open.

8. Plaintiff protested his touching and Plaintiff also reported all harassment incidents to Plaintiff's superiors and security on numerous occasions.

9. Plaintiff was told that her complaints were forwarded to the Office of Diversity Management but there has not been any reasonable action taken to address the situation.

10. In June of 2017 Plaintiff was interviewed by Mia Timmons an investigator from the Office of Diversity management.

11. After the interview the complaint was forwarded to Mia Timmons' superior.

12. Plaintiff called Ms. Timmons again to complain about the continuing harassment that she was experiencing.

13. A mob of officers would rush through doorways as Plaintiff would walk through and would purposely almost push Plaintiff over.

14. Ms. Timmons informed Plaintiff that Plaintiff would need to report this to administration because they are responsible for workplace violence.

15. On October 5, 2017 at 10:58pm, at the Bedford Hills Correctional Facility at 247 Harris Road Bedford Hills, New York 10507, Plaintiff was assaulted by officers of New York State Department of Corrections at Bedford Hills Correctional Facility as a form of retaliation because Plaintiff did not comply with sexual advances from one of their fellow correctional officers.

16. Plaintiff reported the harassment that she was subjected to.

17. During this assault Plaintiff was pushed to the ground, crowded around by other officers, and put in fear of her physical safety.

18. The paramedics were called and Plaintiff was transported to the emergency room at Northern Westchester Hospital.

19. Plaintiff sustained physical injuries to her lower back and inner thigh as well as emotional injuries as a result of this attack.

20. Plaintiff also experienced persistent headaches as a result of the attack.

21. Plaintiff was also walking with a limp.

22. Other acts of harassment included correction officers blocking Plaintiff's entry into walkways, slamming doors in Plaintiff's face, the on cue swarming of the door way while Plaintiff would attempt to enter the building by approximately 15 officers, and walking in a line of four or more to block hallways making it difficult for Plaintiff to maneuver past them.

23. These acts of harassments occurred several times over the last four (4) years.

24. Plaintiff was scared for her life and safety as a result of the harassment by this correction officers and blocking of her pathway as she walked through the doors to gain access into the facility.

25. Officer John Doe 1 (Officer Cooper) persistently made sexual advances towards Plaintiff.

26. When Plaintiff refused several times, he began to intimidate her and directed other officers to accost her.

27. This is known to be common practice against female employers who refused sexual advances from male correctional officers.

28. Officer John Doe 2 (Officer Spheight) on several occasions, on the employer's property blocked the pathway for Plaintiff to walk and he did this with the assistance of other correctional officers.

29. These Officers have no legitimate reason to block Plaintiff's walkway.

30. Officer Jane Doe, along with other officers, on August 5, 2017, in the presence of other Officers, blocked Plaintiff's walkway, hit the plaintiff causing her to fall and sustain injuries to her leg and her back.

31. As a result of her injuries, Plaintiff suffered headaches and inability to walk without limping.

32. Plaintiff was out of work and unable to perform her regular duties or receive her wages for four and a half months (4.5).

33. These incidents involving John Doe 1 (Officer Cooper), John Doe 2 (Officer Spheight), and Jane Doe, gathering around Plaintiff and blocking her pathway caused, Plaintiff to be in constant fear for her safety and her security.

34. On several occasions, when Plaintiff was surrounded, she was unable to move and work as she preferred to because the Officers blocking her did not allow her freedom of movement.

## AS AND FOR A FIRST CAUSE OF ACTION

35. Paragraphs 1 thru 34 are realleged as if set forth herein verbatim and incorporated by reference.

36. Defendants violated Plaintiff's rights under Article 15 of the New York Executive Law, New York Executive Law Section 296(1) by engaging in unlawful discriminatory practices against Plaintiff.

37. Defendants discriminated against Plaintiff because of her race and sex when she was subjected to unlawful discriminatory practices. The Defendants also subjected Plaintiff to hostile work environment and retaliation in violation of Article 15 of the NY Executive Law.

38. The Defendants subjected Plaintiff to retaliation and hostile work environment.

39. This cause of action relates only to the individual Defendants

## AS AND FOR A SECOND CAUSE OF ACTION

40. Paragraphs 1 through 39 are realleged as if set forth herein verbatim and incorporated by reference.

41. Plaintiff was damaged by defendants' ongoing violation of the 14th Amendment to the U.S. Constitution. The equal protection clause of the 14th Amendment provides inter-alia; "nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

42. Defendants violated the equal protection clause of the 14th Amendment when they denied Plaintiff equal protection of the law by subjecting her to terms and conditions of employment different from those offered to other White female employees.

## AS AND FOR A THIRD CAUSE OF ACTION

43. Paragraphs 1 through 42 are realleged as if set forth herein verbatim and incorporated by reference.

44. Plaintiff was damaged by defendants' violation of Civil Rights Act of 1866, as amended, 42 U.S.C §1981. The Act provides in pertinent part, which "(a)ll persons shall have the same right to make and enforce contracts as is enjoyed by white citizens."

45. Defendants treated her different because she is a Black female employee.

46. Defendants violated the Civil Rights Act of 1866 when they subjected Plaintiff to race discrimination in the work place.

47. The Defendants subjected Plaintiff to Retaliation and hostile work environment.

48. This cause of action relates only to the individual Defendants

## AS AND FOR A FOURTH CAUSE OF ACTION

49. Paragraphs 1 through 48 are realleged as if set forth herein verbatim and incorporated by reference.

50. Plaintiff was damaged by Defendants' violation of Plaintiff's federal rights. The violation of Plaintiff's federal rights are enforced through the Civil Rights Act of 1871, 42 U.S.C §1983. The Act protects against the deprivation of Federal Constitutional Rights, and rights under federal law by persons acting under color of state or local law as defendants did in the instant case.

51. Defendants violated Plaintiff's federal constitutional and statutory rights when they used the power of their state offices to deny her equal protection of the law and violated her federal rights as referenced in the causes of action pertaining to violation of federal statutory and constitutional rights in this complaint.

52. Plaintiff invoked 42 U.S.C 1983 in support of her federal statutory law and Federal constitutional violations in this case.

53. This cause of action relates only to the individual Defendants

### AS AND FOR A FIFTH CAUSE OF ACTION

54. Paragraphs 1-through 53 are realleged as if set forth herein verbatim and incorporated by reference.

55. Plaintiff was falsely imprisoned by the Defendants when they surrounded her impairing her ability to move about freely.

56. Plaintiff was held against her will, and her freedom unduly restrained against her will in violations of State and Federal Constitutional Rights.

### AS AND FOR A SIXTH CAUSE OF ACTION

57. Paragraphs 1-through 56 are realleged as if set forth herein verbatim and incorporated by reference.

58. Plaintiff was put in fear of her life by the officers when they swarmed around her and she was knocked to the ground. She was unnecessarily subjected to needless fear for her life and safety due to the retaliatory acts of the Defendants.

59. The Defendants assaulted the Plaintiff through their actions of swarming around her and she was knocked to the ground.

### RELIEF

a. A Declaratory judgment that the conduct, practices, and acts complained of herein are discriminatory and illegal.

b. A Declaratory judgment that Plaintiff was discriminated against on the grounds of race and sex by Defendants.

    c. A preliminary and permanent injunction preventing the Defendants from engaging in any and all forms of discrimination against Plaintiff.

    d. An order granting damages totaling the greater of $1,000.000.00 or the amount to be proven at trial.

    e. An Order granting punitive damages against the Defendants

    f. An Order by the Court taxing the costs of this action against Defendants, including Plaintiff's attorneys' fees incurred in the prosecution of this case.

    g. Any and all further relief in law and equity deem necessary by the Court.

Dated: October 4, 2018

Respectfully Submitted,

*[signature: Albert Van-Lare]*

Albert Van-Lare
The Law Offices of Albert Van-Lare
125 Maiden Lane
Suite 510
New York, NY 10038
(212) 608-1400